Argued February 21, affirmed March 17, reconsideration denied
April 23, petition for review denied May 13, 1975

DOWNEY, *Respondent, v.* HALVORSON-MASON
(No. 407-256), *Appellant.*

532 P2d 807

*Philip A. Mongrain,* Beaverton, argued the cause
and filed the brief for appellant.

*Jerome F. Bischoff,* Portland, argued the cause for
respondent. With him on the brief were Bailey, Doblie
& Bruun, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Employer appeals from a circuit court judgment which, in effect, reversed the hearing referee, affirmed the Workmen's Compensation Board and remanded the claim to the employer for reopening and further medical care and compensation.

Claimant, 46 years old, was a construction laborer who had had several episodes of bursitis prior to February 1972. On February 9, 10 and 11 claimant carried heavy, metal, tubular scaffolding for his employer. On February 12 claimant awoke suffering from a substantial flare-up of his bursitis. He entered a claim, but a determination order of April 27, 1972 granted him no permanent partial disability. Claimant requested a reopening of his claim on October 10, 1972, but a hearing was not held until February 20, 1974. During the two years between the date of the February 1972 flare-up and the hearing claimant continued at his employment but his physical problems continued and his health followed a downhill trend. He was forced to decrease his physical activities. He became unable to do ordinary things such as replacing a light globe overhead, shifting gears in a motor vehicle and gripping with his hands. Several physicians who treated claimant diagnosed his condition as arthritis and gave opinions that the arthritis was not the result of his occupation nor was it aggravated by the occupation. None of these physicians specialized in rheumatoid arthritis. At the request of the employer claimant was examined just

two days before the hearing by Dr. Edward E. Rosenbaum, a physician selected by employer's insurance carrier. This examination was arranged with the cooperation of, and paid for by, the carrier. Dr. Rosenbaum, whose expertise in the area of arthritic diseases was recognized by counsel for the employer, made his report, dated the day before the hearing, in which he clearly diagnosed rheumatoid arthritis and concluded it was work-related. His report stated:

"* * * * *

"Rheumatoid arthritis is an illness, and not an injury, therefore I cannot attribute this illness to his job, nor do I feel that the injection in his shoulder had anything to do with his illness. *However, rheumatoid arthritis is aggravated by stress, strain, and fatigue. It is therefore my opinion that his job has aggravated his illness,* and it is my opinion that only sincere and deep motivation has enabled this man to continue working for the past two years. I would also predict that he cannot continue to work unless his employer keeps him in a sheltered capacity as he has been at the present time.

"* * * * *." (Emphasis supplied.)

When Dr. Rosenbaum's report was introduced at the hearing, the attorney for employer's insurance carrier requested that claimant be examined by another doctor "and if that examination proves to be fruitful as far as my decision, I would like to cross examine Dr. Rosenbaum. * * *"

The employer apparently elected not to cross-examine Dr. Rosenbaum and rather than have claimant examined by another doctor, the employer's attorney forwarded to a California doctor evidence submitted at the hearing and asked his opinion. The California doctor responded with a letter in which he

stated that it was his opinion that the arthritis and the subsequent course thereof were not work-related. The hearing referee, over claimant's objection, received the California doctor's report in evidence. The hearing referee then concluded that "* * * the preponderance of the medical evidence is in favor of defendant [employer]." Upon review by the Board, it reversed the hearing referee and in connection with the admission of the California doctor's evidence held:

"* * * The California doctor, without examining the claimant, wrote a letter expressing an opinion favorable to the employer (Defense Exhibit 8). The Referee admitted Defense Exhibit 7 and Defense Exhibit 8 over the objection of the claimant after the hearing.

"ORS 656.310(2) provides:

" 'The contents of medical, surgical and hospital reports presented by claimants for compensation shall constitute prima facie evidence as to the matter contained therein; so, also, shall such reports presented by the State Accident Insurance Fund or direct responsibility employers, provided that the doctor rendering medical and surgical reports consents to subject himself to cross-examination. This subsection shall also apply to medical or surgical reports from any *treating or examining* doctor who is not a resident of Oregon . . . . ' [Emphasis supplied.]

"Dr. Engleman, the California doctor, was not a 'treating or examining' doctor. The Board strongly discourages 'mail order' medical opinions. Defense Exhibits 7 and 8 should not have been admitted at the hearing and will be disregarded on Board review.

"The record, on Board review (excluding the above two exhibits) reflects that the most credible medical evidence, i.e., the opinion of Dr. Rosen-

baum, establishes that claimant's rheumatoid arthritis was aggravated by claimant's job activity." (Brackets theirs.)

The employer duly appealed to the circuit court.

The circuit court in its de novo review affirmed the Workmen's Compensation Board. In doing so, it apparently considered that the medical opinion of the California doctor should be admitted in evidence, but said:

"* * * * *

"This Court does not disregard the examination of the record by the California doctor but gives that opinion very little weight.

"* * * * *."

■ We find no ambiguity in the statute which limits the admission of reports of non-resident doctors to those of "treating or examining" doctors.① Dr. Engle-

---

① ORS 656.310 was amended in 1969 by adding the following language to the existing statute:

"This subsection shall also apply to medical or surgical reports from any treating or examining doctor who is not a resident of Oregon, provided that the claimant, employer or department shall have a reasonable time, but no less than 30 days after receipt of notice that the report will be offered in evidence at a hearing, to cross-examine such doctor by deposition or by written interrogatories to be settled by the hearing officer." Oregon Laws 1969, ch 447, § 1.

A review of the legislative history is helpful to an understanding of the reason for the amendment. It was explained by Representative Davis, who said:

"* * * [T]he original law provides for the use of reports of doctors rather than making it necessary for the doctor to come and testify in person. By reason of some peculiarity, the statute refers to the physicians of the state of Oregon only. In recent months the hearings officer has been ruling that the medical reports from physicians outside the state could not be used in this manner, it would be necessary to bring the out of state physician here to testify.

"The proposed amendments provide that reports from a

man was a non-resident doctor. He did not treat or examine the claimant. Nothing in the statute denies employer the right to have Dr. Engleman's testimony but if a report as to claimant was to be offered from him, the statute requires that he be either the treating or examining doctor. We thus agree with the Workmen's Compensation Board that it was not proper to consider Dr. Engleman's report in this case.

■ Upon that state of the record we find, as did the Workmen's Compensation Board,[2] that the credible evidence preponderates in favor of claimant, i.e., that his rheumatoid arthritis was aggravated by claimant's job activity.

Affirmed.

---

*treating* doctor not a resident of Oregon can be used. It's felt this corrects something that nobody thought might happen when the 3-way bill was passed, but it would be completely fair and it benefits the injured person." (Emphasis supplied.) Minutes, House Committee on Labor & Management, May 5, 1969, at 3.

Before final passage the language was changed from "treating doctor" to "treating or examining doctor."

[2] The circuit court reached the same result, even considering Dr. Engleman's report.